## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

| | |
|---|---|
| In re:  April Shree White ) | |
| ) | |
| Debtor ) | Case No. 14-50843-SCS |
| ) | |
| ) | |
| ) | Chapter _____13_____ |
| ) | |
| 103 Springhouse Way, Apt. 101, Newport ) | |
| News,VA 23602 ) | |
| ) | |
| Last four digits of Social Security No: ) | |
| 3173_____ ) | |
| ) | |

### <u>NOTICE OF MOTION AND NOTICE OF HEARING</u>

Debtor has filed papers with the Court to <u>Continue the Automatic Stay</u>.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the motion (or objection), or if you want the Court to consider your views on the motion (or objection), **on or before (21) days, after service of this Motion**, you or your attorney must:

[X]     File with the Court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for hearing (or response) to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

Clerk of Court
United States Bankruptcy Court
600 Granby Street, Room 400
Norfolk, VA 23510-1915

You must also mail a copy to:

Christian D. DeGuzman, Esquire
The America Law Group, Inc.
JANAF Office Building
5900 E. Virginia Beach Blvd., Suite 507
Norfolk, VA 23502

R. Clinton Stackhouse, Jr.
Chapter 13 Standing Trustee
7021 Harbour View Blvd., Suite 101
Suffolk, VA 23435

[  ]     Attend a hearing to be scheduled at a later date.  You will receive separate notice of hearing.  **If no timely response has been filed opposing the relief requested, the Court may grant the relief without holding a hearing.**

[X]     Attend the hearing on the motion (or objection) scheduled to be held on July 11, 2014 at 10:00 a.m. at United States Bankruptcy Court, Newport News Courtroom, U.S. Courthouse, 2400 West Avenue, Newport News, VA.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  June 13, 2014                          /s/ Christian D. DeGuzman
                                              Christian D. DeGuzman, Esq.
                                              Counsel for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that I on June 13, 2014, I have mailed or hand-delivered a true copy of the foregoing Notice of Motion to the parties listed on the attached service list.

                                              /s/ Christian D. DeGuzman
                                              Christian D. DeGuzman, Esquire

AES
PO Box 7051
Utica, NY 13504-7051

Alliance one
1684 Woodlands Drive
Suite 15
Maumee, OH 43537

Capital One Auto Finance
3905 N. Dallas Pkwy.
Plano, TX 75093

Capital One, N.A.
Capital One Bank (USA) N.A.
PO Box 30285
Salt Lake City, UT 84130

Cox Communications
PO Box 62549
Virginia Beach, VA 23466

Equidata
Attn: Bankruptcy
PO Box 6610
Newport News, VA 23606

GECRB/Walmart
PO Box 981400
El Paso, TX 79998

Grand Furniture
1305 Baker Road
Virginia Beach, VA 23455

Internal Revenue Service
400 N. 8th Street, Box 76
Stop Room 898
Richmond, VA 23219

Kheaa
PO Box 9001774
Louisville, KY 40290

Lundy Sykes
PO Box 6005
Norfolk, VA 23508

Lundy Sykes
9600 11th Bay Street
Norfolk, VA 23508

Meridian Financial Services
1636 Hendersonville Road South
Asheville, NC 28803

Midland Credit Management
8875 Aero Drive
San Diego, CA 92123

Money Mart
5649 Princess Anne Road
Virginia Beach, VA 23462

Norfolk State University
c/o Todd, Bremer & Lawson
PO Box 36788
Rock Hill, SC 29732-0512

Optimum Outcomes, Inc.
Attn: Bankruptcy
2651 Warrenville Rd., Suite500
Downers Grove, IL 60515

Pembroke Square Apartments
c/o S.L. Nusbaum Realty Co.
440 Monticello Avenue
Norfolk, VA 23510

R. Clinton Stackhouse, Jr.
Chapter 13 Trustee
7021 Harbour View Blvd., #101
Suffolk, VA 23435

RJM Acquisitions, LLC
575 Underhill Blvd.
Suite 224
Syosset, NY 11791

Springhouse Apartments
c/o Sykes, Bourdon, Ahern&Levy
281 Independence Blvd.
Virginia Beach, VA 23462

Sykes, Bourdon, Ahern & Levy
Fifth Fl., Pembroke One Bldg.
281 Independence Boulevard
Virginia Beach, VA 23462

T-Mobile
PO Box 37380
Albuquerque, NM 87176

T-Mobile
PO Box 53410
Bellevue, WA 98015-5341

Target N.B.
PO Box 673
Minneapolis, MN 55440

Tidewater Community College
c/o Professor Lundy Sykes
300 Granby Street
Norfolk, VA 23510

Tonia Branch
Attn: Bankruptcy
1015 29th Street
Newport News, VA 23607

U S Dept Of Ed/Gsl/Atl
Po Box 4222
Iowa City, IA 52244

United States Trustee
200 Granby Street
Suite 625
Norfolk, VA 23510

US Dept. of Education
Attn: Borrowers Service Dept.
PO Box 5609
Greenville, TX 75403

US Dept. of Education/GSL/ATL
PO Box 4222
Iowa City, IA 52244


Virginia Beach Gen. Dist. Ct.
2425 Nimmo Pkwy #9057
Virginia Beach, VA 23456


Virginia Dept. of Taxation
Office of Customer Service
P.O. Box 1115
Richmond, VA 23218-1115

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

In re:  April Shree White                                    Case No.: 14-50843-SCS
       Debtor                                              Chapter 13

### MOTION TO CONTINUE AUTOMATIC STAY AND
### MEMORANDUM IN SUPPORT THEREOF

**COMES NOW** the Debtor, by counsel, and offers the following Memorandum in

Support of Debtor's Motion to Continue Automatic Stay:

### JURISDICTION

1.     Jurisdiction of this Court over the instant matter is based upon 28 U.S.C.

§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2.     This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B),

(K), and (O).

3.     Venue is proper pursuant to 28 U.S.C. §1409.

### BACKGROUND FACTS

4.     On June 11, 2014 (hereinafter the "Petition Date") , the Debtor filed in this

Honorable Court a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C.

§ 1301 et seq. (the "instant case").

5.     R. Clinton Stackhouse, Jr. was appointed to serve as Chapter 13 trustee in

this case (the "Trustee").

6.     Within the year prior to filing the instant case, Debtor has been a debtor in

one (1) pending Chapter 13 bankruptcy case (the "previous case"), which was filed on

December 16, 2011 and dismissed on December 19, 2013.  (Case No. 11-52217-FJS).

7.     The previous case was dismissed by the Court for failure to make plan

payments to the Trustee and an inability to cure the default.

## FACTS OF THE INSTANT CASE

8.      In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $380.00 per month for a period of sixty months.  Other than administrative expenses, the Plan proposes the following:

   a.  To pay secured claims of $1,179.00;

   b.  To pay priority claims under 11 U.S.C. §507 $2,984.09;

   c.  To pay a dividend to non-priority unsecured creditors of 13.00%, which claims are estimated to be approximately $107,580.00, greater than half of which consists of non-dischargeable student loan debt.

## DISCUSSION

9.      Because the instant case was filed within one (1) year of the dismissal of the previous case, the automatic stay will expire in the instant case on July 11, 2014, unless the Court extends the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(A) and (B).

10.      Pursuant to the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Debtor  must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(B).

11.      If the Court finds grounds for presuming the instant case was filed "not in good faith" §362(c)(3)(C) would impose a burden on Debtor to overcome such a presumption and prove good faith by clear and convincing evidence.  If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor must merely prove good faith by a preponderance of the evidence.   In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B. R. 268, 273 (Bankr. M.D.N.C. 2006)

12.    Within the context of motions to continue the automatic stay pursuant to

§362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007) instructs that the term

"good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d

968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir.

1986), and left unchanged by Congress when it created §362(c)(3). Chaney at 694.

13.    Pursuant to Neufeld v. Freeman, good faith determinations require courts to

consider, *inter alia,* "the percentage of proposed repayment, the Debtors' financial

situation, the period of time the payment will be made, the Debtors' employment history

and prospects, the nature and amount of unsecured claims, the Debtors' past bankruptcy

filings, the Debtors' honesty in present facts, and any unusual or exceptional problems

facing the particular Debtors." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d 968, 972

(4th Cir. 1982).  The focus of the inquiry is "to determine whether or not, considering 'all

militating factors,' there has been 'an abuse of the provisions, purpose, or spirit' of Chapter

13 in the proposal or plan." Neufeld, 794 F.2d at 152, *citing* Deans at 972 and *quoting* 9

Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14.    In order to apply the Fourth Circuit's definition of good faith in

determining whether the automatic stay should be extended pursuant to §362(c)(3),

> "[T]he court must be satisfied that the plan in the new case will succeed where the
> plan in the prior case did not.  Usually this will require a find that some change in
> the financial or personal affairs of the debtor has occurred that will allow the debtor
> to perform under the terms of the plan in the new case.  But the inquiry does not
> end there.  The court needs to determine that the repetitive filing does not violate
> the spirit of the Bankruptcy Code.  The new case must not be a ploy to frustrate
> creditors.  It must represent a sincere effort on the part of the debtor to advance the
> goals and purposes of chapter 13"

Chaney at 694.

**ARGUMENT**

15.     In the case *sub judice*, there is a presumption that the instant case was filed "not in good faith" as to all creditors.  Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16.     In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "A" and incorporated hereby by reference thereto.

17.      Applying the <u>Neufeld</u> factors to the Debtor's circumstances and to this case leads to the following conclusions:

    a.  *Percentage of proposed repayment* – The Plan proposes to pay a dividend of 13.00% to non-priority unsecured creditors.  Such creditors would receive a dividend of 0.00% if Debtor were to file a Chapter 7 bankruptcy case.  Application of this factor favors a finding of good faith.

    b.  *Debtor's financial situation* – The Debtor's financial situation is now sufficient to allow her to maintain an average standard of living for herself, and to complete the terms of the Chapter 13 Plan.

        i.  Debtor is no longer helping to pay for her grandmother's medical and living expenses, which caused Debtor to become delinquent with her Chapter 13 plan payments in the previous case.  An affidavit describing these expenses is attached hereto as "Exhibit A."

Furthermore, Debtor has no extraordinary expenses and is not

maintaining any expenses that are not necessary for her maintenance

and support.  Application of these factors favors a finding of good faith.

c. *Period of time payment will be made* – The period of time in which

payments will be made of sixty (60) months is reasonable and is based

upon the Debtor's best efforts.   Application of these factors favors a

finding of good faith.

d. *Debtor's employment history and prospects* – The Debtor's household

income sources demonstrates that the proposed Chapter 13 Plan is

feasible and was filed in good faith.  Application of these factors favors

a finding of good faith.

e. *Nature and amount of unsecured claims* – Likewise, the nature and

amount of the Debtor's unsecured debt demonstrates her good faith.

i. Debtor's unsecured, non-priority debts are estimated to be

approximately $107,580.00, greater than half of which consists

of non-dischargeable student loan debt, and is being proposed to

be repaid under the current plan at a rate of 13.00%.

f. *Debtor's past bankruptcy filings* - The instant Motion is required due to

the fact that the Debtor has filed more than one (1) bankruptcy case.

However, the Debtor's bankruptcy history does not indicate a lack of

good faith.  The Affidavit attached hereto as "Exhibit A" describes fully

the reasons that the previous case was dismissed.  Debtor incorporates

such explanation herein by this reference.  Debtor's hardships do not

indicate an abuse of the bankruptcy system; rather, they indicate an

honest but thus far unsuccessful attempt to financially reorganize.

Application of this factor favors a finding of good faith.

g. *Debtor's honesty in representing the facts* – The Debtor has fully

disclosed all assets, liabilities, and pertinent information regarding her

personal and financial affairs.  Application of this factor favors a finding

of good faith.

h. *Any unusual or exceptional problems facing the particular Debtor* –

There are no unusual or exceptional problems facing the Debtor.

Application of this factor favors a finding of good faith.

18.    Debtor asserts that the instant case does not "violate the spirit of the

Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a

sincere effort on the part of the Debtor to advance the goals and purposes of Chapter 13".

See Chaney at 694.  In support hereof, Debtor asserts the following additional arguments:

a. *The timing of the petition* - Between the dismissal of the previous case

and the instant case, Debtor did not act in a manner so as to purposely

delay payment of debts and did not delay in filing the instant case so as

to intentionally frustrate creditors.  Debtor's actions in this regard

indicate an intent to use the bankruptcy system to resolve debts in an

appropriate manner.  Application of this factor favors a finding of good

faith.

b. *How the Debt(s) arose* – The debts in this case arose primarily over a

period of time extending back several years.  The debts were not the

result of misuse of credit or luxury spending; rather, they arose as a

result of ordinary living expenses that Debtor became unable to repay.

Application of this factor favors a finding of good faith.

c.  *The Debtor's motive in filing the petition* – Debtor's motive in filing this

case is to apply best efforts to repay creditors and receive a fresh start

through bankruptcy.  Application of this factor favors a finding of good

faith.

d.  *How the Debtor's actions affected creditors* – The Plan provisions and

treatment of creditors are generally described in paragraph 8, *supra*.

This factor will rarely favor a debtor as to the finding of good faith,

because "filing for bankruptcy relief will almost always prejudice one's

creditors." Galanis, 334 B.R. at 696.

e.  *Changes in circumstance and ability to complete this case* – The

Affidavit attached hereto as "Exhibit A" describes fully the Debtor's

changes in circumstances and explains both the legitimate bases for the

filing of this case as well as the Debtor's ability to complete this case.

Debtor incorporates such explanations herein by this reference.

Application of this factor favors a finding of good faith.

WHEREFORE, the Debtor respectfully requests this Honorable Court to enter an

Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property,

and as to the property of the estate for the duration of the instant case, and for such other

and further relief as to the Court shall be deemed appropriate.

Respectfully submitted,
April Shree White

By:   /s/Christian D. DeGuzman_____
Christian D. DeGuzman, Esquire
America Law Group, Inc.
5900 E. Virginia Beach Blvd., #507
Norfolk, VA 23502
Phone: (757) 333-7336
Fax: (757) 333-7873

## CERTIFICATE OF SERVICE

I certify that on June 13, 2014, a copy of this Motion and Memorandum in Support
Thereof was mailed via first-class mail, postage full pre-paid, to the Chapter 13 Trustee, R.
Clinton Stackhouse, Jr., 7021 Harbour View Blvd., Suite 101, Suffolk, VA 23435, the
United States Trustee, 200 Granby Street, Suite 625, Norfolk, VA 23510 and all creditors
as set forth on the attached mailing matrix.

/s/Christian D. DeGuzman
Christian D. DeGuzman, Esquire
*Counsel for Debtor*

AES
PO Box 7051
Utica, NY 13504-7051

Lundy Sykes
PO Box 6005
Norfolk, VA 23508

Springhouse Apartments
c/o Sykes, Bourdon, Ahern&Levy
281 Independence Blvd.
Virginia Beach, VA 23462

Allianceone
1684 Woodlands Drive
Suite 15
Maumee, OH 43537

Lundy Sykes
9600 11th Bay Street
Norfolk, VA 23508

Sykes, Bourdon, Ahern & Levy
Fifth Fl., Pembroke One Bldg.
281 Independence Boulevard
Virginia Beach, VA 23462

Capital One Auto Finance
3905 N. Dallas Pkwy.
Plano, TX 75093

Meridian Financial Services
1636 Hendersonville Road South
Asheville, NC 28803

T-Mobile
PO Box 37380
Albuquerque, NM 87176

Capital One, N.A.
Capital One Bank (USA) N.A.
PO Box 30285
Salt Lake City, UT 84130

Midland Credit Management
8875 Aero Drive
San Diego, CA 92123

T-Mobile
PO Box 53410
Bellevue, WA 98015-5341

Cox Communications
PO Box 62549
Virginia Beach, VA 23466

Money Mart
5649 Princess Anne Road
Virginia Beach, VA 23462

Target N.B.
PO Box 673
Minneapolis, MN 55440

Equidata
Attn: Bankruptcy
PO Box 6610
Newport News, VA 23606

Norfolk State University
c/o Todd, Bremer & Lawson
PO Box 36788
Rock Hill, SC 29732-0512

Tidewater Community College
c/o Professor Lundy Sykes
300 Granby Street
Norfolk, VA 23510

GECRB/Walmart
PO Box 981400
El Paso, TX 79998

Optimum Outcomes, Inc.
Attn: Bankruptcy
2651 Warrenville Rd., Suite500
Downers Grove, IL 60515

Tonia Branch
Attn: Bankruptcy
1015 29th Street
Newport News, VA 23607

Grand Furniture
1305 Baker Road
Virginia Beach, VA 23455

Pembroke Square Apartments
c/o S.L. Nusbaum Realty Co.
440 Monticello Avenue
Norfolk, VA 23510

U S Dept Of Ed/Gsl/Atl
Po Box 4222
Iowa City, IA 52244

Internal Revenue Service
400 N. 8th Street, Box 76
Stop Room 898
Richmond, VA 23219

R. Clinton Stackhouse, Jr.
Chapter 13 Trustee
7021 Harbour View Blvd., #101
Suffolk, VA 23435

United States Trustee
200 Granby Street
Suite 625
Norfolk, VA 23510

Kheaa
PO Box 9001774
Louisville, KY 40290

RJM Acquisitions, LLC
575 Underhill Blvd.
Suite 224
Syosset, NY 11791

US Dept. of Education
Attn: Borrowers Service Dept.
PO Box 5609
Greenville, TX 75403

US Dept. of Education/GSL/ATL
PO Box 4222
Iowa City, IA 52244


Virginia Beach Gen. Dist. Ct.
2425 Nimmo Pkwy #9057
Virginia Beach, VA 23456


Virginia Dept. of Taxation
Office of Customer Service
P.O. Box 1115
Richmond, VA 23218-1115

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

In re:  April Shree White                                        Case No.: 14-50843-SCS
Debtor                                                            Chapter 13

## AFFIDAVIT OF APRIL SHREE WHITE

BEFORE ME, the undersigned authority, personally appeared April Shree White, known to me, and upon her oath stated as follows:

1. My name is April Shree White.  I am above the age of 18 years and competent to make this affidavit.  I have personal knowledge of the facts set forth in this affidavit.

2. I am the Debtor in the present bankruptcy case.

3. I reside at 103 Springhouse Way, Apartment 101, Newport News, VA 23602.

4. I am currently earning $3,609.07 net monthly income from wages I do not expect my household income or expenses to change during the term of my Chapter 13 plan.

5. Prior to this case, I was involved in one (1) previous case within the eight (8) year period prior to the filing of my current Chapter 13 case, a Chapter 13 bankruptcy filed in this Honorable Court on December 16, 2011, and dismissed on December 19, 2013 (Case No. 11-52217-FJS) (the "previous case").

6. The previous case was dismissed because of failure to make plan payments to the Trustee, and an inability to cure the default.

7. During my previous case, I became delinquent with my Chapter 13 plan payments as a result of my grandmother's cancer diagnosis in March 2013.  From that time onward, I was forced to assist her financially with respect to many of her monthly household expenses and medications.  Her health quickly deteriorated and she finally passed away in December 2013, the same month my previous case was dismissed.

8. I am no longer obligated to assist my grandmother financially and I believe that the stability in my income will enable me to successfully complete this bankruptcy case.

9. I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

10. I owe the following debts:

   i) To Capital One Auto Finance for an approximate amount of $1,000.00, which represents the principal balance for a vehicle loan, secured by my 2006 Nissan Sentra.

   ii) To Grand Furniture for $179.00, which represents the approximate balance for a furniture loan, secured by a bedroom set and television.

   iii) To the Internal Revenue Service and Virginia Department of Taxation for taxes of an approximate aggregate amount of $3,341.47.

   iv) To unsecured nonpriority creditors, including student loans, an approximate amount of $107,580.00, to which my plan proposes to pay a minimum dividend of thirteen percent (13%).

11. I am proposing to pay $380.00 per month for a period of sixty (60) months, which is all of my disposable income, to the Trustee for disbursement to my creditors.

12. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect. The purpose of my bankruptcy filing is to retain my primary residence, re-pay my creditors the amount I can afford, and to obtain a discharge of my indebtedness.

15. My income is consistent and is likely to remain so during our case.  My expenses are not likely to change substantially.  My income leads me to believe I will be able to make my payments to the Trustee.

Further Affiant sayeth not.

WITNESS the following signature and seal this __13__ day of __June__, 2014.

/s/ April Shree White

CERTIFICATE OF ACKNOWLEDGMENT:
Commonwealth of Virginia
City/County of Newport News to wit:

   The foregoing instrument was acknowledged before me this __13__ day of __June__, 2014, by April Shree White.

My Commission Expires: __01-31-2017__

Notary Public

## CERTIFICATE OF SERVICE

I certify that on this 13th day of June, 2014 a copy of the above Affidavit executed on June 13, 2014 has been mailed via first class mail or via electronic means to R. Clinton Stackhouse, Jr., Trustee, the United States Trustee, counsel listed as follows, and all creditors set forth on the attached mailing matrix.

/s/Christian D. DeGuzman_____
Christian D. DeGuzman, Esq.

AES
PO Box 7051
Utica, NY 13504-7051

Lundy Sykes
PO Box 6005
Norfolk, VA 23508

Springhouse Apartments
c/o Sykes, Bourdon, Ahern&Levy
281 Independence Blvd.
Virginia Beach, VA 23462

Allianceone
1684 Woodlands Drive
Suite 15
Maumee, OH 43537

Lundy Sykes
9600 11th Bay Street
Norfolk, VA 23508

Sykes, Bourdon, Ahern & Levy
Fifth Fl., Pembroke One Bldg.
281 Independence Boulevard
Virginia Beach, VA 23462

Capital One Auto Finance
3905 N. Dallas Pkwy.
Plano, TX 75093

Meridian Financial Services
1636 Hendersonville Road South
Asheville, NC 28803

T-Mobile
PO Box 37380
Albuquerque, NM 87176

Capital One, N.A.
Capital One Bank (USA) N.A.
PO Box 30285
Salt Lake City, UT 84130

Midland Credit Management
8875 Aero Drive
San Diego, CA 92123

T-Mobile
PO Box 53410
Bellevue, WA 98015-5341

Cox Communications
PO Box 62549
Virginia Beach, VA 23466

Money Mart
5649 Princess Anne Road
Virginia Beach, VA 23462

Target N.B.
PO Box 673
Minneapolis, MN 55440

Equidata
Attn: Bankruptcy
PO Box 6610
Newport News, VA 23606

Norfolk State University
c/o Todd, Bremer & Lawson
PO Box 36788
Rock Hill, SC 29732-0512

Tidewater Community College
c/o Professor Lundy Sykes
300 Granby Street
Norfolk, VA 23510

GECRB/Walmart
PO Box 981400
El Paso, TX 79998

Optimum Outcomes, Inc.
Attn: Bankruptcy
2651 Warrenville Rd., Suite500
Downers Grove, IL 60515

Tonia Branch
Attn: Bankruptcy
1015 29th Street
Newport News, VA 23607

Grand Furniture
1305 Baker Road
Virginia Beach, VA 23455

Pembroke Square Apartments
c/o S.L. Nusbaum Realty Co.
440 Monticello Avenue
Norfolk, VA 23510

U S Dept Of Ed/Gsl/Atl
Po Box 4222
Iowa City, IA 52244

Internal Revenue Service
400 N. 8th Street, Box 76
Stop Room 898
Richmond, VA 23219

R. Clinton Stackhouse, Jr.
Chapter 13 Trustee
7021 Harbour View Blvd., #101
Suffolk, VA 23435

United States Trustee
200 Granby Street
Suite 625
Norfolk, VA 23510

Kheaa
PO Box 9001774
Louisville, KY 40290

RJM Acquisitions, LLC
575 Underhill Blvd.
Suite 224
Syosset, NY 11791

US Dept. of Education
Attn: Borrowers Service Dept.
PO Box 5609
Greenville, TX 75403

US Dept. of Education/GSL/ATL
PO Box 4222
Iowa City, IA 52244


Virginia Beach Gen. Dist. Ct.
2425 Nimmo Pkwy #9057
Virginia Beach, VA 23456


Virginia Dept. of Taxation
Office of Customer Service
P.O. Box 1115
Richmond, VA 23218-1115

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

IN RE:                                          )
                                                )   CASE NO. 14-50843-SCS
April Shree White                               )
                                                )        CHAPTER 13
                    Debtor.                      )

## <u>ORDER GRANTING MOTION TO CONTINUE</u>
## <u>AUTOMATIC STAY</u>

This matter came upon the Motion for Continuation of the Automatic Stay and the

Memorandum in Support Thereof (the "Motion") and was filed herein by April Shree

White (the "Debtor"); and

UPON CONSIDERATION WHEREOF, it appearing to the Court that the Debtor

filed this bankruptcy case on June 11, 2014 (the "instant case"), and an Order for Relief

was entered; and

It appearing that the Debtor has had one (1) prior Chapter 13 Bankruptcy case (the

"prior case") pending within one (1) year prior to the filing of this case, which prior case

was dismissed; and

It appearing that the Motion and a Notice of Hearing has been properly served upon

all creditors and parties in interest; and

It appearing that the filing of the instant case was in good faith as to all creditors; it

is, accordingly,

**ADJUDGED, ORDERED**, and **DECREED** that the automatic stay of 11 U.S.C. §

362(a) shall not terminate and is hereby extended without condition as to Debtor, Debtor's

property, all creditors, and property of the bankruptcy estate throughout the pendency of

this case; and it is further

ORDERED that the Clerk shall mail copies of this Order, once entered to all parties

on the attached service list.

Date:  _____                     _____
                                        United States Bankruptcy Judge

                                        Entered on Docket:  _____

I ask for this:
By:  /s/_____
Christian D. DeGuzman, Esquire VSB#79336
America Law Group, Inc.
5900 E. Virginia Beach Blvd., Suite 507
Norfolk, VA 23502
Phone: (757) 333-7336
Fax: (757) 333-7873
*Counsel for Debtor*

Seen and approved:


/s/_____
R. Clinton Stackhouse, Jr.
Chapter 13 Standing Trustee
7021 Harbour View Blvd., Suite 101
Suffolk, VA 23435


## CERTIFICATION

        Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have
endorsed the above order.

                                        /s/_____
                                        Christian D. DeGuzman, Esquire
                                        Counsel for Debtor

## LIST OF PARTIES TO
## RECEIVE NOTICE OF ENTRY OF ORDER

        COMES NOW the Debtor, by counsel, and pursuant to Local Rule 9022-1(B)(1)
advises the Court that the following is a list of parties to whom notice of the entry of order
should be given, to-wit:

Christian D. DeGuzman, Esquire
America Law Group, Inc.
5900 E. Virginia Beach Blvd., Suite 507
Norfolk, VA 23502

R. Clinton Stackhouse, Jr.
Chapter 13 Standing Trustee
7021 Harbour View Blvd., Suite 101
Suffolk, VA 23435

April Shree White
103 Springhouse Way
Apartment 101
Newport News, VA 23602